IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  CR 07-1077 RB |
| ) | |
| OCTAVIO PEREZ-VELETA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case presents the question of whether the Colorado crime of fifth degree felony menacing is a "crime of violence" under Section 2L1.2 of the United States Sentencing Guidelines (USSG) under the categorical approach or, in the specific case of Defendant Octavio Perez-Veleta, under the modified categorical approach.  For the reasons contained herein, I find that the Colorado crime of fifth degree felony menacing is not, categorically, a "crime of violence" under Section 2L1.2 of the USSG, and that Defendant Perez-Veleta's Colorado conviction for fifth degree felony menacing does not qualify as a "crime of violence" under the modified categorical approach.

**I.     FACTUAL BACKGROUND**

The Government has charged Defendant Perez-Veleta with reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) (2008).¹  (*See* Information [Doc. 10] at 1).  Over ten years prior to

---

¹ The Government has not specified which 8 U.S.C. § 1326(b) penalty it seeks to impose on Defendant. (*See* Information [Doc. 10] at 1).  Nevertheless, both presentence reports list 8 U.S.C. § 1326(b)(2) as the applicable penalty.  (Revised PSR [Nov. 27, 2007] at 1; PSR [Aug. 14, 2007] at 1).  That provision is applicable to "aggravated felonies" and provides for a maximum sentence of twenty years.  8 U.S.C. § 1326(b)(2).  The Government cannot, however,  apply the "aggravated felony" definition pursuant to the 8 U.S.C. § 1101(a)(43)(F) crime of violence provision, however, because Defendant's sentence was less than one year and "crimes of violence" are not necessarily "aggravated felonies."  *See* 8 U.S.C. § 1101(a)(43)(F); *United States v. Hernandez-Garduño*, 460 F.3d 1287 (10th Cir. 2006); PSR at ¶ 10). Though the Court recognizes these rules may pose challenges for courts seeking to determine the statutory maximum when sentencing defendants convicted of "crimes of violence" that are not "aggravated felonies," *see United States v. Andino*, 148 Fed. Appx 828, 829-30 (11th Cir 2005) (unpublished), the Court's finding that Defendant did not commit a "crime of violence" in this case obviates the need to inquire further

Defendant's current arrest, the Eagle County, Colorado Sheriff's Department arrested Defendant for the Colorado crime of fifth degree felony menacing. (Revised PSR [Nov. 27, 2007] at ¶ 20). Defendant pled guilty on July 23, 1997. (*Id.*). Subsequently, the government removed Defendant, and Defendant thereafter entered the United States on two other occasions (not including the current charge). (*See id.* at ¶¶ 10, 21) (showing that while Defendant has obtained only one other improper entry conviction in 1999, the government also removed him in 2000). The 1999 improper entry occurred in the Western District of Texas. (*Id.* at ¶ 21). Other than traffic violations and the menacing conviction, Defendant has one conviction for harassment and one conviction for misdemeanor domestic violence. (*Id.* at ¶¶ 18-20, 22-25). Both of those convictions arose out of the same 2000 incident, where according only to police investigative reports, the intoxicated Defendant accused his wife of infidelity, threatened her, and then attempted to operate a vehicle with his child as a passenger. (*Id.* at ¶ 22).

Initially, Probation recommended that the Court impose a sixteen level sentence enhancement because the probation officer believed Defendant's menacing conviction qualified as a "crime of violence." (PSR [Aug. 14, 2007] at ¶ 10). Probation cited only police investigative reports as the basis for stating that Defendant had threatened to kill his girlfriend and her daughter while wielding a knife. (*Id.* at ¶ 20). Later, Probation reversed course and recommended only a four level sentence enhancement because a second probation officer believed menacing more appropriately fell under "any other felony." (Revised PSR at ¶ 10). Again, Probation cited only police investigative reports for the underlying facts of the case. (*Id.* at ¶ 20). Finally, Probation has returned to its initial recommendation of a sixteen level enhancement. (E-mail from Virvian Yazzie,

---

into that issue. Consequently, the applicable statutory maximum is ten years under 8 U.S.C. § 1326(b)(1).

2

Supervising U.S. Probation Officer, to Anne Lyman, Law Clerk to the Honorable Robert C. Brack (Jan. 24, 2008, 5:01 PM MST). The Government seeks the sixteen level enhancement. (Am. United States' Resp. to Def.'s Objections to PSR [Doc. 19] at 1-5).

The original "Complaint/Information" in Defendant's menacing case alleges:

COUNT 1 - that on or between the 8th day of April, 1997, and the 9th day of April, 1997, in the County of Eagle and State of Colorado, OCTAVIO VELETA PEREZ, by threat and physical action and by use of a deadly weapon, to-wit: knife, did unlawfully, feloniously and knowingly place and attempt to place Guadalupe Villegas, a person with whom OCTAVIO VELETA PEREZ has had an intimate relationship, in fear of imminent serious bodily injury, against the peace and dignity of the People of the State of Colorado . . . .

(Addendum to PSR, Complaint/Information at 3). Defendant pled guilty to Count 1 of an Amended Complaint, (Addendum to PSR, Integrated Colo. Online Network printout at 4), which is not in the record, and the plea agreement shows that Defendant pled guilty to the generic elements of fifth degree felony menacing, (Addendum to PSR, Guilty Plea & Waiver of Rights at 4). Moreover, though Defendant acknowledged that there was a factual basis for his guilty plea, he "waive[d] establishment of a factual basis for the charge." (*Id.* at ¶ II.E). The record reflects that the court reporter read a factual basis for the menacing charge at Defendant's sentencing hearing, (Addendum to PSR, Integrated Colo. Online Network printout at 4), but the record does not include the hearing transcript that would presumably reveal what factual basis the parties had agreed upon, if any. Lastly, Defendant denies that he used a knife during the commission of the menacing offense. (Def.'s Reply to Am. United States' Response to Def.'s Objections to PSR [Doc. 20] at 5).

## II.   DISCUSSION

### A.   Authority

The court must channel its discretion to sentence a defendant within the limits of the

3

applicable statute through all of the factors laid out by Congress in 18 U.S.C. § 3553(a) (2008).[2] *Gall v. United States*, 128 S.Ct. 586, 596-97 (2007). Though the sentencing guidelines are "truly advisory," *Rita v. United States*, 127 S.Ct. 2456, 2474 (2007), and "serve as [only] one factor among several courts must consider," *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007), the Supreme Court has nevertheless instructed that they are the district courts' "starting point," *Gall*, 128 S.Ct. at 596 (2007). Though an appellate court may presume a guidelines sentence is reasonable,[3] *Rita*, 127 S.Ct. at 2465, a district court may not, *Gall*, 128 S.Ct. at 596-97. The district court must hear the arguments of both parties and assess reasonableness "based on the facts presented." *Id.* Unless a law requires that a sentence enhancement *must be* based upon a factual finding, rather than upon discretion, the prosecution need only establish enhancement facts by a preponderance of the evidence. *See U.S. v. Crockett*, 435 F.3d 1305, 1318-19 (10th Cir. 2006) ("Under an advisory Guidelines regime, a conviction, by itself, authorizes a sentence up to the statutory maximum. Thus, the facts guiding the district court's exercise of discretion need not be found beyond a reasonable doubt."). *Cf. United States v. Booker*, 543 U.S. 220, 244 (2005). Moreover, because the sentencing guidelines are advisory, "[d]istrict courts [may consider] the strength of the evidence in support of sentencing enhancements, rather than looking solely to whether there [is] a preponderance of the

---

[2] The sentence imposed must be sufficient, but not greater than necessary to: (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) afford adequate deterrence to criminal conduct, (5) protect the public from further crimes by the defendant, and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2) (quotations omitted). Moreover, the court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the kinds of sentences available, (4) the sentence called for by the guidelines, (5) any pertinent guideline policy statement, (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (7) the need to provide restitution to victims. *Id.* at §§ 3553(a)(1), (a)(3)-(a)(7) (quotations omitted).

[3] An appellate court, however, may not presume a sentence outside of the guidelines is unreasonable. *Rita*, 127 S.Ct. at 2467.

4

evidence." *U.S. v. Dazey*, 403 F.3d 1147, 1177 (10th Cir. 2005). Finally, courts must remain mindful of the importance of the defendant's real conduct. *See Booker*, 543 U.S. at 246, 250-54.

A court sentencing a defendant for unlawful entry may enhance the defendant's sentence by sixteen levels if the government previously removed the defendant subsequent to a felony conviction for a "crime of violence." United States Sentencing Commission Guidelines, *Guidelines Manual*, §2L1.2(b)(1)(A)(ii) (Nov. 2007). A "crime of violence" includes:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, *or any offense under . . . state . . . law that has as an element the use, attempted use, or threatened use of physical force against the person of another*.

*Id.* at §2L1.2(b)(1), comment. (n. 1(B)(iii)) (emphasis added).

The Supreme Court, in *Taylor*, directs courts to generally take a categorical approach by reviewing the statutory elements of a crime when determining whether a specific offense qualifies as a "crime of violence" under the sentencing guidelines. *See Taylor v. United States*, 495 U.S. 575, 588-90, 600-02 (1990). "If the statute is ambiguous or broad enough to encompass both violent and nonviolent crimes, a court can [move on to the modified categorical approach]." *United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005) (emphasis added). The modified categorical approach permits courts in search of predicate factual findings to delve into written plea agreements, plea colloquy transcripts, charging documents, and "explicit factual findings [made] by the trial judge [and assented] to [by] the defendant." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Any use of the modified categorical approach "must be narrowly restricted to implement the object of the sentencing enhancement statute and avoid evidentiary disputes." *United States v. Ruiz-Rodriguez*, 494 F.3d 1273, 1276 (10th Cir. 2007) (internal quotations and brackets omitted). Courts may not look to police reports or complaint applications. *Shepard*, 544 U.S. at 16.

In 1997, Colorado statutes defined menacing as follows:

A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed by the use of a deadly weapon, it is a class 5 felony.

Colo. Rev. Stat. § 18-3-206 (1997).

A "deadly weapon," in turn, meant:

any of the following which in the manner it is used or intended to be used is capable of producing death or serious bodily injury:
(I)     A firearm, whether loaded or unloaded;
(II)    A knife;
(III)   A bludgeon; or
(IV)   Any other weapon, device, instrument, *material, or substance*, whether animate or inanimate.

Colo. Rev. Stat. § 18-1-901 (1997) (emphasis added).

The Tenth Circuit has not determined if Colorado fifth degree felony menacing is a "crime of violence" under USSG §2L1.2, and, apparently, no district court has analyzed the issue.[4] The

---

[4] This Court has recently sentenced two defendants with prior Colorado felony menacing convictions. In *United States v. Vargas-Vargas*, the Court sentenced the defendant to ten months. No. 07-181, slip op. [Doc. 17] at 2 (D.N.M. June 27, 2007) (unpublished) (amended judgment). The sentence included a four level enhancement for the menacing conviction under USSG §2L1.2(b)(1)(D) for "any other felony," (*see* Vargas-Vargas PSR at ¶ 12), and it does not appear that the government challenged this designation, (*see* Vargas-Vargas Tr. at 1, 4-6). Though the PSR reveals no charges for improper entry or illegal reentry, the government had removed Defendant Vargas-Vargas one prior time. (*Id.* at ¶ 6). Other than traffic violations and the menacing conviction from 2005, Defendant Vargas-Vargas had convictions for possession of drug paraphernalia, underage possession of alcohol, trespassing, and DUI. (*Id.* at ¶¶ 19-24). The menacing conviction appears to have resulted from a fight where Defendant Vargas-Vargas threatened another individual with a knife, (*id.* at ¶ 24), but the PSR reflects no other crimes implicating violence. All of Defendant Vargas-Vargas' convictions occurred when he was eighteen or younger. (*Id.* at ¶¶ 19-24). The PSR also revealed that Defendant Vargas-Vargas had previously tested positive for methamphetamine and marijuana. (*Id.* at ¶ 42).

In *United States v. Juarez-Vasquez*, the Court sentenced the defendant to eight months. No. 07-734, slip op. [Doc. 17] at 2 (D.N.M. Aug. 20, 2007) (unpublished). This sentence also included a four level enhancement for the menacing conviction under USSG §2L1.2(b)(1)(D) for "any other felony" (*see* Juarez-Vasquez PSR at ¶ 11), and it does not appear that the government challenged this designation, (*see* Juarez-Vasquez Tr. at 2-5). The government had removed Defendant Juarez-Vasquez two prior times. (*Id.* at ¶¶ 19, 23). Both improper entries occurred in the Western District of Texas, but only one occurred after his menacing conviction. (*Id.* at ¶¶ 19, 23). Other than traffic violations and the criminal attempt to commit menacing conviction from 1992, Defendant Juarez-Vasquez had two convictions for DWI and one arrest for second degree assault. (*Id.* at ¶¶ 20-22, 24, 27). The second degree assault charge may indicate violence. The menacing conviction appears to have resulted from Defendant Juarez-Vasquez' use of a gun to threaten an individual involved in a conflict with his family. (*Id.* at ¶ 22).

Tenth Circuit, however, has found Colorado felony menacing to be a "violent felony" under the Armed Career Criminals Act (ACCA). *United States v. Herron*, 432 F.3d 1127, 1138 (10th Cir. 2005). A "violent felony" under the ACCA is:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that --
> (i) *has as an element the use, attempted use, or threatened use of physical force against the person of another*; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B) (2005) (emphasis added). In *Herron*, the court held that the "conduct [encompassed by felony menacing] easily satisfies the requirement of 'the threatened use of physical force against the person of another,' *under the ACCA*."[5] 432 F.3d at 1138 (failing to examine situations where the deadly weapon is a substance or material, such as poison or smoke) (emphasis added). Though the Fifth Circuit has not directly ruled on whether Colorado felony menacing is a "crime of violence" under USSG §2L1.2, the court did have a chance to examine the issue in *United*

---

[5] It should be noted that the ACCA contains its own "crime of violence" definition:
> an offense that is a felony and –
> (A) *has as an element the use, attempted use, or threatened use of physical force against the person or property of another*, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (2008) (emphasis added). A defendant convicted of violating § 924(e) is subject to yet another definition of "crime of violence" under the law's correlative sentencing guideline:
> "Crime of violence" include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. . . . "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) *that offense has as an element the use, attempted use, or threatened use of physical force against the person of another*, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives . . . or, by it nature, presented a serious potential risk of physical injury to another. . . .

USSG §2K2.1, comment. (n.1); USSG §4B1.2, comment. (n.1) (emphasis added). *See also* USSG §4B1.4, comment. (n.1) (clarifying that the definition of "violent felony" under § 924(e)(2) differs from that of "crime of violence" under USSG §4B1.2).

7

*States v. Valdez-Rodriguez*. 174 Fed. Appx. 195 (5th Cir. 2006) (unpublished) (granting government's unopposed motion to vacate sentence). There, the case arose in the Western District of Texas and the government conceded that the last clause of Colorado's "deadly weapon" definition, which includes "materials and substances," prevents the menacing statute from being a categorical crime of violence. (Ex. A to Def.'s Objections to PSR [Doc. 15], Unopposed Mot. Vacate Sentence & Remand at 5-6).

The Tenth Circuit has expressed its hesitancy about applying definitions from one statute or guideline to another statue and/or guideline on more than one occasion. *See, e.g., United States v. Moore*, 420 F.3d 1218, 1223-24 (10th Cir. 2005); *United States v. Lucio-Lucio*, 347 F.3d 1202, 1207 (10th Cir. 2003). Moreover, the "use of physical force" is not the equivalent of "physical injury." *See Moore*, 420 F.3d at 1224 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 10 n.7 (2004)).

###    B.    Categorical Analysis

Colorado fifth degree felony menacing is not a categorical crime of violence because it does not necessarily include "as an element the use, attempted use, or threatened use of physical force against the person of another." USSG §2L1.2(b)(1), comment. (n. 1(B)(iii)). The Colorado definition of "deadly weapon" is incorporated into the menacing statute and includes "materials and substances." Colo. Rev. Stat. §§ 18-1-901; 18-3-206 (1997). Under this definition, one can place another in imminent fear through the use of smoke or poison. Such offenses do not necessarily include the threatened, attempted, or actual use of physical force. (*See* Ex. A to Def.'s Objections to PSR, Unopposed Mot. Vacate Sentence & Remand at 5-6). Moreover, the Court cannot assume that causing one to fear "serious bodily injury" through the use of "threat *or* physical action" requires the threatened, attempted, or actual "use of physical force," even where a deadly weapon

is involved, because "bodily injury" is not necessarily the equivalent of "physical force." *See Moore*, 420 F.3d at 1224.

Despite the Government's arguments to the contrary, *Herron* is not applicable to USSG §2L1.2(b)(1). The Tenth Circuit has warned against applying definitions outside of their context, especially where the sentencing guidelines are concerned. *See Moore*, 420 F.3d at 1223-24; *Lucio-Lucio*, 347 F.3d at 1207. *Herron* determined that Colorado felony menacing is a "violent felony" under the ACCA, not that the offense was a "crime of violence" under the sentencing guidelines. 432 F.3d at 1138 (stating that "[felony menacing]" satisfies the requirement of 'the threatened use of physical force against the person of another,' *under the ACCA*.") (emphasis added). *Herron* failed to examine cases involving "materials or substances," *see id.*, and though ACCA "violent felony" and USSG §2L1.2(b)(1) "crime of violence" share a clause, the entire definitions differ significantly. *Compare* 18 U.S.C. § 924(e)(2)(B) *with* USSG §2L1.2(b)(1), comment. (n. 1(B)(iii)). Furthermore, the ACCA includes its own definition of "crime of violence," which differs not only from "violent felony" and USSG §2L1.2(b)(1) "crime of violence," but also differs from the "crime of violence" definition used in the correlative ACCA sentencing guideline. *Compare* 18 U.S.C. § 924(c)(3), 18 U.S.C. § 924(e)(2)(B), USSG §2L1.2(b)(1), comment. (n.1(B)(iii)), *and* USSG §4B1.2, comment. (n.1). These many differences reflect the varying goals of each provision and must therefore implicate distinctive congressional intent.

### C.     Modified Categorical Analysis

Though Colorado felony menacing may not always be a "crime of violence," it does not follow that it is never a "crime of violence." For instance, the prosecution could argue "that a defendant could not use [certain] deadly weapon[s] to threaten serious bodily injury without threatening the use of physical force." (*See* Ex. A to Def.'s Objections to PSR, Unopposed Mot.

9

Vacate Sentence & Remand at 5).  Consequently, the statute is ambiguous, and the Court may look at Colorado felony menacing cases under the modified categorical approach.  *See Perez-Vargas*, 414 F.3d at 1284.

Use of the modified categorical approach "must be narrowly restricted to . . . avoid evidentiary disputes" and discover facts that reflect the threatened, attempted, or actual use of physical force.  *See Ruiz-Rodriguez*, 494 F.3d at 1276.  In order to apply the sixteen level enhancement, the Court needs to determine whether the Government has demonstrated, by a preponderance of the evidence, that the Defendant used a deadly weapon that necessarily implicates the use of physical force (here, a knife) during the commission of the menacing crime.  To make this determination, the Court may look to the charging documents and plea agreement, but not to the PSRs because the PSRs cite only police investigative reports.  *See Shepard*, 544 U.S. at 16.

In this case, Defendant denies the use of a knife, (Def.'s Reply to Am. United States' Response to Def.'s Objections to PSR at 5), and though Defendant pled guilty to *a* Count 1, (Addendum to PSR, Integrated Colo. Online Network printout at 1-2, 4), it is unclear whether the missing amended complaint to which he pled mirrored Count 1 in the original Complaint/Information.  This uncertainty is exacerbated by the plea agreement because that document shows that the Defendant only admitted the generic elements of felony menacing, including "use of a deadly weapon."  (Addendum to PSR, Guilty Plea & Waiver of Rights at 4). Furthermore, the record shows that the court reporter, not a judge, prosecutor, or defense attorney, read the factual basis of the charge at the sentencing hearing, (Addendum to PSR, Integrated Colo. Online Network printout at 4), and without a transcript, the Court has no way of determining what that factual basis was.  Lastly, though Defendant did admit there was some sort of factual basis for

10

his guilty plea, he waived his right to have that factual basis established. (Addendum to PSR, Guilty Plea & Waiver of Rights at ¶ II.E).

Essentially, the Court needs to resolve the "deadly weapon" discrepancy between the original Complaint/Information and the plea agreement by looking to the strength of the evidence and applying a preponderance standard. Though the "real conduct" of the Defendant is admittedly important, the absence of the amended complaint and sentencing transcript, alongside Defendant's denials, renders the remaining evidence unconvincing and precludes the Court from determining, by a preponderance of the evidence, that Defendant used a knife during the commission of his Colorado menacing crime.

### III.   CONCLUSION

The Colorado crime of fifth degree felony menacing is not, categorically, a "crime of violence" under Section 2L1.2 of the USSG because the Colorado menacing statute includes "materials and substances" within the definition of "deadly weapon." "Materials and substances" are not deadly weapons that necessarily require the use or threatened use of physical force to place one in imminent fear of "serious bodily injury." Defendant Perez-Veleta's Colorado conviction for fifth degree felony menacing is not a "crime of violence" under the modified categorical approach because the Government has not established, by a preponderance of the evidence, that Defendant utilized something other than "materials and substances" during the commission of his menacing crime.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**